# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**ERIC D. AYERS,**

      **Plaintiff,**

**v.**                                       **Case No. 2:14-cv-28753**

**CORPORAL SINGLETON, *et al.*,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On November 20, 2014, the plaintiff, who at that time was incarcerated at the Huttonsville Correctional Center, in Huttonsville,, West Virginia, filed an Application to Proceed Without Prepayment of Fees and Costs (hereinafter "Application") (ECF No. 1) and a Complaint under 42 U.S.C. § 1983 (ECF No. 2) alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution, arising out of a use of force against the plaintiff on April 18, 2014, while he was incarcerated at the South Central Regional Jail in Charleston, West Virginia. The plaintiff's Complaint also asserts state law claims of assault and battery and intentional infliction of emotional distress (also called the tort of outrage).

Subsequent to the filing of his Application and Complaint, the plaintiff was released from custody and he provided updated contact information. The undersigned then entered an Order and Notice denying the plaintiff's first Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) without prejudice and directing the plaintiff to complete a new Application by June 17, 2016, so that the court could ascertan his non-custodial financial status. A blank Application was also provided with the Order and Notice.

The undersigned's Order and Notice notified the plaintiff that the failure to file a new Application as ordered may result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute. Since the entry and delivery of the undersigned's Order, the plaintiff has not filed a new Application or participated in this litigation in any manner.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that

failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The defendants have not been served with process in this matter because the plaintiff has not paid the applicable filing fee or filed the appropriate paperwork to enable the court to determine whether he may proceed *in forma pauperis*. Thus, to date, the defendants have not suffered any direct prejudice.

Upon the plaintiff's release from prison, he did provide the court with his updated contact information; however, he failed to comply with the court's Order to file the updated Application paperwork. Accordingly, it appears that the plaintiff no longer wishes to pursue this matter; that the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and that dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that, nothwithstanding the undersigned's explicit warning that the failure to comply with the undersigned's Order could result in a recommendation of dismissal, the plaintiff did not comply with the undersigned's Order and has wholly failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 27, 2017

Dwane L. Tinsley
United States Magistrate Judge

4