# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**ERIC D. AYERS,**

    **Plaintiff,**

**v.**                                                        **Case No. 2:14-cv-28753**

**CORPORAL SINGLETON, *et al.*,**

    **Defendants.**

## SECOND PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On November 20, 2014, the plaintiff, who at that time was incarcerated at the Huttonsville Correctional Center, in Huttonsville, West Virginia, filed an Application to Proceed Without Prepayment of Fees and Costs (hereinafter "Application") (ECF No. 1), and a Complaint under 42 U.S.C. § 1983 (ECF No. 2) alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution, arising out of a use of force against the plaintiff on April 18, 2014, while he was incarcerated at the South Central Regional Jail in Charleston, West Virginia. The plaintiff's Complaint also asserts state law claims of assault and battery and intentional infliction of emotional distress (also called the tort of outrage).

Subsequent to the filing of his Application and Complaint, the plaintiff was released from custody and he provided updated contact information. The undersigned then entered an Order and Notice denying the plaintiff's first Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) without prejudice and directing the plaintiff to complete a new Application by June 17, 2016, so that the court could ascertain his non-custodial financial status. A blank Application was also provided with the Order and Notice.

The undersigned's Order and Notice notified the plaintiff that the failure to file a new Application as ordered may result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute. The plaintiff did not file a new Application within the time ordered and did not otherwise have any contact with the court.

Because the plaintiff had not complied with the Order to complete a new Application and had not made any contact with the court after entry thereof, on March 27, 2017, the undersigned submitted a Proposed Findings and Recommendation recommending that the presiding District Judge dismiss this matter, without prejudice, for failure to prosecute. (ECF No. 7). However, on July 12, 2017, the Clerk received correspondence from the plaintiff indicating that he was then incarcerated at the Metro Detention Center in Albuquerque, New Mexico, and requesting the status of his case and "the form I need to file and return to your court for my settlement." (ECF No. 9).

Treating the plaintiff's letter as an indication that the plaintiff still intended to pursue this matter, on October 19, 2017, the presiding District Judge declined to adopt the undersigned's Proposed Findings and Recommendation and again referred the matter to the undersigned for further proceedings. On October 23, 2017, the undersigned

entered a new Order and Notice directing the plaintiff to file a new Application to Proceed Without Prepayment of Fees and Costs by November 27, 2017, which was mailed to the plaintiff at the Metro Detention Center in Albuquerque, New Mexico, as indicated in his letter.

However, on October 30, 2017, and November 3, 2017, respectively, the presiding District Judge's Memorandum Opinion and Order of October 19, 2017, and the undersigned's Order and Notice of October 23, 2017, were returned as undeliverable stating the plaintiff was "Not in custody." (ECF Nos. 12 and 13). The undersigned's staff subsequently contacted the Metro Detention Center and determined that the plaintiff had been released from custody and no forwarding address was able to be provided. Thus, the plaintiff's whereabouts are again unknown.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that

3

failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The defendants have not been served with process in this matter because the plaintiff has not paid the applicable filing fee or filed the appropriate paperwork to enable the court to determine whether he may proceed *in forma pauperis*. As set forth above, the plaintiff has a history of proceeding in a dilatory fashion in this matter and he has been expressly warned that his failure to comply with the undersigned's Order could result in the recommended dismissal of this matter. Given that the plaintiff's whereabouts are unknown, the court is left with little option other than to dismiss this matter for failure to prosecute.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Second Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Second Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Second Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Second Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at the Metro Detention Center in Albuquerque, New Mexico, which is his last known address as provided on the docket sheet.

December 5, 2017

Dwane L. Tinsley
United States Magistrate Judge